UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN STRONG and JANET STRONG,<br><br>  Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA and GREEN TREE SERVICING, LLC,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:14-CV-1027-B<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Memorandum in Support of Leave to File Amended Pleading (doc. 38), filed by Steven Strong and Janet Strong on August 6, 2015. The Court construes this Memorandum as a Motion for Leave to File an Amended Complaint (the "Motion"). Plaintiffs seek leave of the Court to amend their complaint to add several claims against Defendants Bank of America, N.A. ("BANA") and Green Tree Servicing, LLC ("Green Tree"). For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

I.

BACKGROUND

This case arises out of Defendants' loan modification evaluation of the mortgage on Plaintiffs' property, located at 5509 Northmoor Drive, Dallas, Texas. In November, 2013, Plaintiffs instituted the instant action against BANA and Green Tree in the 44th Judicial District Court of Dallas County, Texas. Plaintiffs' Original Petition in that court asserted a single cause of action—that Defendants misrepresented Plaintiffs' eligibility for a home mortgage loan modification, thereby

violating the Texas Debt Collection Act ("TDCA"). Doc. 1-2, Original Pet. ¶¶ 20–22. On December 20, 2013, when the case was still in the state District Court, Plaintiffs amended their Original Petition to specify the damages sought and to add requests for injunctive relief against Defendants.[1] Doc. 1-8, First Am. Pet. ¶¶ 23–24.

Defendants removed the case to this Court in March 2014. Doc. 1, Notice of Removal. After a stay to which all parties consented from March to December of that year, Plaintiffs moved for, and on February 5, 2015 were granted, leave to proceed pro se.[2] Docs. 25, 28. Six months later, Plaintiffs filed the present motion, which seeks leave to file an amended complaint. The proposed amended complaint alleges ten additional violations of the TDCA and adds four new counts: common law fraud, negligent misrepresentation, breach of duty of good faith and fair dealing, and unreasonable collection practices. Docs. 42-1–42-3, First Am. Compl. The Court has received Defendants' First Amended Objection to Plaintiffs' Motion for Leave to File Amended Pleading (doc. 40), Plaintiffs' Reply to Defendants' Amended Objection (doc. 43), as well as several supplemental filings (docs. 41–45), and Defendants' Joint Sur-Reply (doc. 49). The motion is now ready for review.

## II.

## LEGAL STANDARD

Rule 15(a) requires a court to "freely give leave [to amend] when justice so requires." Fed.

---

[1] Specifically, Plaintiffs indicated that they sought "monetary relief of $100,000 or less and non-monetary relief," Doc. 1-8, First Am. Pet. ¶ 24, and requested an injunction "ordering Defendants to modify the loan in a manner reasonably calculated to purge Defendants of their violation of the [TDCA] and to return the Plaintiffs to the *status quo ante*." *Id.* ¶ 23.

[2] Though Plaintiffs are representing themselves, Plaintiff Steven Strong is a licensed attorney. *See, e.g.*, Doc. 25, First Supplement to Unopposed Mot. to Withdraw 2 (identifying Steven Strong's Texas Bar Number).

R. Civ. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). Despite this bias, leave to amend is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000). Rather, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

Five factors are relevant to a district court's decision of whether to grant a party leave to amend a complaint: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The presence of these factors, on the other hand, weighs against granting leave to amend.

## III.
## ANALYSIS

After reviewing the parties' submissions in light of the five factors articulated in *Smith*, the Court concludes that the factors of undue delay and undue prejudice to the opposing party weigh against granting Plaintiffs leave to file an amended complaint under Rule 15(a)(2).[3]

---

[3] In their First Amended Objection, Defendants argue, *inter alia*, that Plaintiffs failed to comply with Local Rules 7.1 (conference requirement) and 15.1 (requirement to attach proposed amended complaint to the Motion). Such noncompliance renders the Motion untimely; as a result, Defendants urge the Court to treat the Motion as a motion to amend the Amended Scheduling Order (doc. 33), which would have to be analyzed under Rule 16's "good cause" standard rather than the more lenient standard of Rule 15(a). Because the Court finds that the Motion should be denied even under Rule 15(a), it will not address whether Plaintiffs have shown good cause to amend the Amended Scheduling Order under Rule 16.

A.     *Undue Delay*

"Although Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (internal quotation marks omitted)). "In such a situation, the plaintiff bears the burden of showing the delay to be 'due to oversight, inadvertence, or excusable neglect.'" *Id.* (quoting *Whitaker*, 963 F.2d at 836). By the instant Motion, Plaintiffs seek leave to amend their complaint nearly two years into the lawsuit (and more than seventeen months after the case was removed to this Court). Plaintiffs assert that they are not at fault for the delay. Rather, they argue that the parties' voluntary abatement of proceedings and Defendants' lack of cooperation in providing discovery are to blame. Doc. 38, Mem. in Supp. ¶¶ 3–4.

    1.    The Parties' Voluntary Abatement of Proceedings

Plaintiffs' reasoning on this point is unpersuasive. The Court lifted the stay to which Plaintiffs refer on December 4, 2014. Doc. 14, Elec. Order. Plaintiffs therefore had eight months in which to amend their complaint prior to filing this Motion. There was a motion to remand pending during a portion of that time, but the Court denied that motion in an order issued on April 23, 2015 (doc. 36). Plaintiffs have provided no explanation for the three-and-a-half month gap between that decision and this Motion. Instead, they merely state that they "diligently moved to amend as soon as it became apparent that the amendment was necessary." Doc. 38, Mem. in Supp. ¶ 8. Such a conclusory argument is insufficient to explain the delay in this case.

    2.    Defendants' Recent Discovery Disclosures

Plaintiffs also allege that Defendants' reticence to provide discovery prevented Plaintiffs from filing this Motion earlier. In support of this assertion, Plaintiffs complain that only Green Tree has

provided any documents (406 within the thirty days preceding the filing of the Motion, according to Plaintiffs), whereas Plaintiffs provided 260 pages of documents early on in the lawsuit. Of the materials received, Plaintiffs identify only two items that appear to have any bearing on the amended complaint: 1) the assignment of Plaintiffs' loan to Green Tree; and 2) an unspecified disclosure that Green Tree did not provide loan modifications like the one Plaintiffs were allegedly offered at the time of the purported offer. Doc. 43, Reply to Defs.' Am. Obj. ¶¶ 8, 11. Plaintiffs argue that the latter bears on their misrepresentation claims against Green Tree, while the former is relevant to misrepresentation claims against both parties. By Plaintiffs' own admission, the assignment was produced on July 10, 2015—nearly a month before the Motion was filed. Moreover, Plaintiffs allege that both Green Tree and BANA claimed that the other was the true owner of the loan in 2012. *Id.* ¶ 8. Therefore, Plaintiffs were aware at that time that one or both might be misrepresenting the other's ownership. The assignment itself adds little to the availability of that claim, and it certainly was not a necessary prerequisite. Regarding Green Tree's disclosure, Plaintiffs asserted in their First Amended Original Petition that "Defendant Green Tree caused confusion and delay by its assertion that there might be a modification option for Plaintiffs, when there was not." Doc. 1-8, First Am. Pet. ¶ 18. Plaintiffs thus knew of a possible misrepresentation on Green Tree's part long before filing this Motion.

Plaintiffs also contend that BANA's adoption of Green Tree's 406-document disclosure bears on the misrepresentation claims against that Defendant. According to Plaintiffs, this adoption conflicts with BANA's alleged representation in December 2012 that it only possessed seven "loan docs." *See* Doc. 43, Reply to Defs.' Am. Obj. ¶¶ 9–10. Plaintiffs undercut the argument that this is new information upon which the proposed amended complaint depends by stating that the

"discrepancy bears on Plaintiffs' claims as *they have claimed all along* that both [BANA] and Green Tree made multiple misrepresentations back in 2012–2013." *Id.* ¶ 10 (emphasis added). In other words, this development only added to what Plaintiffs already believed. Moreover, Plaintiffs do not explain how the number of "loan docs" in BANA's possession bears on "Defendants['] . . . duty to communicate the correct status and/or amount of the Plaintiffs' Mortgage Loan and/or 2012 HAMP Appl and/or whether either could or intended to make a decision on the 2012 HAMP Appl or another relief available to Plaintiffs." Doc. 42-3, First Am. Compl. ¶ 119 (Negligent Misrepresentation Count). Consequently, the Court is not persuaded that the recent discovery production excuses Plaintiffs' delay.

    3.    <u>Untimeliness of Plaintiffs' Motion</u>

Finally, the Court notes that the Motion was untimely. The Amended Scheduling Order (doc. 33), issued on March 2, 2015, set a deadline of August 6, 2015 for motions for leave to amend pleadings. Am. Scheduling Order ¶ 2. Despite having five months to move for leave to amend their complaint, Plaintiffs did not file the Motion until August 6—the very last day for filing such motions. Though it was nominally filed within the allotted time frame, the Motion did not include a Certificate of Conference as required by Local Rule 7.1, nor did Plaintiffs attach the proposed amended complaint to the Motion as required by Local Rule 15.1. The Motion was therefore improperly filed, and is thus untimely.[4]

Plaintiffs offer as an excuse the following facts: that "Plaintiffs each had to work and maintain their own law practice, work on the [Amended] Complaint late in the day or afterhours, educate

---

[4] Plaintiffs did not remedy the defective Motion until they filed their proposed amended complaint on August 31, 2015—twenty-five days after the deadline.

themselves better on this area of the law and pleading the same, work through Green Tree's 406 documents, and research their records." Doc. 43, Reply to Defs.' Am. Obj. ¶ 15(b). In short, Plaintiffs had to do the work of a lawyer, which can hardly be said to justify missing a filing deadline by almost a month. Plaintiffs also indicate that "Plaintiff Steven Strong had surgery July 14, 2015 and missed some days of work." *Id.* Though unfortunate, this bare-bones statement is insufficient to excuse the significant delay in properly filing the Motion.[5]

The fact of the matter is that Plaintiffs' Motion comes after nearly two years of litigation, a prior amendment to the complaint, and a missed filing deadline. The Court therefore finds that Plaintiffs have unduly delayed in moving for leave to file the proposed amended complaint.

B.      *Undue Prejudice to Defendants*

Undue prejudice results when a delay in moving for leave to amend "hinders the opposing party's ability to respond to the proposed amendment or prepare for trial." *Dueling v. Devon Energy Corp.*, No. 14-11177, 2015 WL 4862330, at *3 (5th Cir. Aug. 14, 2015) (unpublished decision). "[C]ourts have found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Id.*

This case presents none of the situations just mentioned. That list, however, is by no means exhaustive, and Defendants will suffer undue prejudice if the Court were to permit Plaintiffs to file their amended complaint. This case has languished for almost two years at this point, during which

---

[5] Though the Court does not rely solely on Plaintiffs' noncompliance with the Local Rules in denying the Motion, the Fifth Circuit has recently stated that "[d]enial of leave to amend is reasonable where the plaintiff fails to comply with the local rules." *Young v. U.S. Postal Service ex rel. Donahoe*, No. 14-51110, 2015 WL 4548014, at *3 (5th Cir. July 29, 2015) (unpublished decision).

time Plaintiffs have alleged, and Defendants have prepared to defend, one cause of action. Now, in the middle of discovery (and after the deadline for motions for leave to amend the pleadings), Plaintiffs have decided to change tack and throw everything but the kitchen sink at Defendants. BANA and Green Tree are now faced with the prospect of defending against not three, but thirteen alleged violations of the TDCA, in addition to fraud, misrepresentation, breach of duty of good faith and fair dealing, and unreasonable collection practices claims. And this comes after Plaintiffs have already amended their complaint in the state court.

In all likelihood, allowing Plaintiffs to amend their complaint at this late hour would extend even further this already protracted litigation to accommodate discovery relating to the new claims; as well, Defendants would be forced to alter their strategy after twenty-two months of preparation. This case has already been pushed back significantly. *Compare* Doc. 7, Scheduling Order (setting trial date of January 26, 2015), *with* Doc. 33, Amended Scheduling Order (setting trial date of May 2, 2016). The Court is unwilling to further delay this case to allow Plaintiffs to assert over a dozen new claims, all of which are based on the same events as their original complaint. This is especially so considering that Plaintiffs have provided no satisfactory explanation for the tardiness of their Motion. In this case, considerations of undue delay and undue prejudice to Defendants outweigh the general liberality of granting leave to amend the pleadings.

## IV.
## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for Leave to File an Amended Complaint (doc. 38).

SO ORDERED.

SIGNED: September 11, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE